**REGULAR COMMON CARRIER CONFERENCE et al., Plaintiffs,**

v.

**UNITED STATES of America**

**and**

**Interstate Commerce Commission et al., Defendants.**

**Civ. A. No. 2015-68.**

United States District Court
District of Columbia.
Nov. 18, 1969.

John S. Fessenden, Roland Rice, Richard R. Sigmon, Rice, Carpenter & Carraway, R. Edwin Brady, Albert B. Rosenbaum, Harold G. Hernly, Sr., Washington, D. C., John A. Vuono, William J. Lavelle, Pittsburgh, Pa., for plaintiffs.

Harold P. Boss, Washington, D. C., Russell & Schureman, Los Angeles, Cal., and Rhodes & Simms, Washington, D. C., for intervenor Western Gillete, Inc.

Robert B. Hankins, J. Laurent Scharff and Pierson, Ball & Dowd, Washington, D. C., for intervenors Southwest Freight Lines, Inc. and Direct Transports, Inc.

J. M. Neath, Jr., Warner, Norcross & Judd, Grand Rapids, Mich., for intervenor Interstate Motor Freight System.

Richard W. McLaren, Asst. Atty. Gen., David G. Bress, U. S. Atty., John H. D. Wigger, W. Richard Haddad, Washington, D. C., for Department of Justice.

Robert W. Ginnane, Gen. Counsel, Philip W. Getts, Washington, D. C., for Interstate Commerce Commission.

Before MILLER, Senior Circuit Judge, TAMM, Circuit Judge, and PRATT, District Judge.

PRATT, District Judge:

This action was filed pursuant to 28 U.S.C. § 1336 (1964) to review the decision of the Interstate Commerce Commission removing "truckload lot" restrictions from all outstanding certificates bearing such restrictions. The gravamen of the complaint is that the decision of the Commission was reached in a rule making, rather than an adjudicatory, proceeding. Removal of Truckload Lot Restrictions, 106 M.C.C. 455 (1968). A statutory three-judge court was convened as required by 28 U.S.C. §§ 2284(1), 2325 (1964). For the reasons stated below, we hold that the Commission properly employed a rule making proceeding to remove these re-

strictions under the authority of section 208(a) of the Interstate Commerce Act, 49 U.S.C. § 308(a) (1964).

## I. FACTUAL BACKGROUND.

The "truckload lot" restrictions affected by the Commission's action are conditions imposed upon certain certificated carriers requiring that they transport only full truckloads of property to and from authorized termini. Removal of Truckload Lot Restrictions, *supra,* 106 M.C.C. at 458. Conceived in 1937, these restrictions have been subject to widely varying interpretations and have presented difficulties of enforcement. *Id.* at 459–469. Since 1942, these restrictions have been construed as describing "a service in which a shipment substantially filling the carrying capacity of a vehicle is received by the carrier at one time and one place." *Id.* at 468. However, no such restrictions have been imposed on new licensees since 1943. *See Id.* at 465, 466. Against this background, the Commission on its own motion convened a rule making proceeding to review its past policy of removing the restrictions on a case-by-case basis after proof that public convenience and necessity so required. *Id.* at 469. All interested parties were invited to file statements setting forth any arguments and evidence either supporting or opposing the proposed action. *Id.* at 456–457. Oral hearings were not held. *Id.* at 480. On January 15, 1968, the Commission issued a thorough, well-reasoned opinion which amended existing regulations to remove all truckload restrictions from outstanding certificates. *Id.* at 495. The opinion is a model of an administrative agency report and demonstrates the care with which the Commission approached its task.

The plaintiff Regular Common Carrier Conference is a non-profit trade asso-

ciation with 1300 common carrier members. The other individual plaintiffs are individual common carriers who participated in the Commission proceedings. The United States and the Commission are named defendants. Interstate Motor Freight System is an intervening defendant which is also a member of the plaintiff Conference. Western Gillete, Southwest Freight Lines and Direct Transports, Inc. are other intervening defendants. All intervening defendants operated under certificates of public convenience and necessity containing "truckload lot restrictions" and were respondents in the proceeding before the Commission now under review.

In this action, the single issue presented by plaintiffs is whether rule making was the proper procedure for the Commission to employ in reaching its result.[1]

## II. THE STANDARD OF REVIEW.

In the usual case, court review of a rule making proceeding is limited to the inquiry whether the agency abused its discretion, acted in excess of its delegated powers or failed to comply with procedural requirements. 5 U.S.C. § 706 (Supp. IV, 1969). Here, however, we are reviewing the initial choice of the Commission to employ a particular type of proceeding. We are not called upon to review the result of that proceeding which is before us in the form of an order of the Commission. The decision with respect to the type of proceeding has been held to reside within the discretion of the agency, reviewable only as an abuse of agency discretion.[2] This approach has a rational basis and is consistent with past judicial policy and practice governing the review of the action of administrative agencies.

---

1. Plaintiffs concede that the mechanics of the proceeding were not defective assuming that rule making was the proper vehicle to accomplish the final result. *See* Part IV, *infra.*

2. SEC v. Chenery, 332 U.S. 194, 202–203, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995

(1947); American Airlines v. CAB, 123 U.S.App.D.C. 310, 316 n. 16, 359 F.2d 624, 630 n. 16 (1966), *cert. denied,* 385 U.S. 843, 87 S.Ct. 73, 17 L.Ed.2d 75 (1966); Ala.-Tenn. Natural Gas Co. v. FPC, 359 F.2d 318, 343 (5th Cir. 1966), *cert. denied,* 385 U.S. 847, 87 S.Ct. 69, 17 L.Ed.2d 78 (1966).

■ Since courts are generally reluctant to substitute their own judgments for those of agencies in the matter of substantive orders and regulations, no different result should attach to a procedural decision, within the expertise of the agency, as to the most appropriate manner of implementing the underlying policy of the statute administered by the agency. Only where an agency has abused its discretion in making the choice of rule making as the procedure to be followed should this court order the holding of individual adjudicatory hearings.[3]

## III. THE VALIDITY OF THE COMMISSION'S CHOICE

Plaintiffs argue that the amendment or modification of existing certificates constituted "licensing" and that adjudicatory proceedings to accomplish this result were required under sections 206 and 207 of the Interstate Commerce Act, 49 U.S.C. §§ 306, 307 (1964),[4] and under the Administrative Procedure Act, 5 U.S.C. § 551 (Supp. IV, 1969).[5] As a corollary they urge that the burden of proving that the public interest and necessity required the removal of the restrictions should have been upon the carriers whose certificates contained these restrictions.[6] In essence, plaintiffs ask that the Commission be required to hold adjudicatory proceedings for each of the approximately 250 carriers whose certificates were affected by the instant rule making proceeding.

In a broad sense, many agency proceedings contain elements of both adjudication and rule making.[7] The election between adjudiction and rule making may often turn on agency policy decisions and specific agency needs. Courts increasingly are recognizing the validity and necessity of rule making in situations which could support adjudication instead.[8] Flexibility in agency proceedings is imperative so that an agency may carry out its policies in the most intelligent, expeditious and efficient manner possible, consistent with the requirements of due process.[9]

Contrary to plaintiffs' arguments, no congressional mandate in the Interstate Commerce Act explicitly requires adjudication where a large number of certificates are affected at one stroke. Indeed, as the Commission noted in its opinion (106 M.C.C. at 480), Congress

3. Even if we were to attempt to substitute our own judgment for that of the Commission, we would have followed the procedure adopted by the Commission. 4 K. C. Davis, Administrative Law Treatise § 30.06 (1958). The choice of the Commission was reasonable and justified under the circumstances.

4. Brief for plaintiffs at 12–17.

5. Brief for plaintiffs at 20–24.

6. Brief for plaintiffs at 14–18. Because we hold that hearings were unnecessary, the question of burden of proof is not presented. 5 U.S.C. §§ 556(a), (d) (Supp. IV, 1969). Also, we do not reach the question of whether these restrictions were *per se* unlawful because they were incompatible with the fundamental concept of common carriage since that ground was not a basis for the Commission's decision.

7. 1 K. C. Davis, Administrative Law Treatise § 5.01, at 285 (1958).

8. Judge Friendly summarized the problem in the following language:

"Adjudicatory hearings serve an important function when the agency bases its decision on the peculiar situation of individual parties who know more about this than anyone else. But when, as here, a new policy is based upon the general characteristics of an industry, rational decision is not furthered by requiring the agency to lose itself in an excursion into detail that too often obscures fundamental issues rather than clarifies them." WBEN, Inc. v. United States, 396 F.2d 601, 618 (2d Cir. 1968), *cert. denied,* King's Garden, Inc. v. F.C.C., 393 U.S. 914, 89 S.Ct. 238, 21 L.Ed.2d 200 (1968).

This recognition first emerged in United States v. Storer Broadcasting Co., 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081 (1955) where the Court upheld the summary denial of a license application on the same day that a rule requiring such a denial had been promulgated in a rule making procedure.

9. See Paducah Newspapers, Inc. v. FCC, 414 F.2d 1183 (D.C.Cir. 1969).

recognized that the Commission should be able to impose "such reasonable terms, conditions, and limitations" on certificates as the public convenience and necessity may *from time to time* require and expressly provided for such eventuality. 49 U.S.C. § 308(a) (1964). The statutory scheme cited by plaintiffs which must be observed in the original grant of a certificate to an applicant is not inconsistent with, nor repugnant to, the philosophy that agency policy decisions may affect a large number of certificates without the necessity of holding adjudicatory hearings. The Commission should not be precluded from a periodic review on a national scale of certificates it has issued or from a determination whether the public interest requires a removal of certain limitations in the light of the public policy underlying the statute.

■ More specifically, under the teaching of American Airlines, Inc. v. CAB,[10] a rule making proceeding which affects uniformly the interests of a class of licensees or certificate holders is valid. In *American Airlines*, the Board issued a regulation pursuant to a rule making proceeding which provided that only air carriers moving cargo without passengers were entitled to sell space at wholesale rates when the user reserved a specified amount of space in advance. Air carriers carrying both cargo *and* passengers were denied this privilege. The Court sitting *en banc* held that the agency had issued a general regulation applicable to all carriers within an appropriate class and that adjudication was not required as to each carrier within that class. In so holding, the Court concluded:

"Where the agency is considering a general regulation, applicable to all carriers, or to all carriers within an appropriate class, then each carrier is protected by the fact that it cannot be disadvantaged except as the Board takes action against an entire class.

For any such class regulation there is also protection outside the field of procedure in that the general regulation must be reasonable both as to the classification employed, and as to the nature and extent of the restriction in relation to the evil remedied or other general public purpose furthered." American Airlines, Inc. v. CAB, *supra*, 123 U.S.App.D.C. at 317, 359 F.2d at 631.

The *American Airlines* case contained problems not present in the Commission's order here under review. As three dissenters pointed out, the appropriateness of the disputed class was open to question and the difference between "all cargo" and "combination" carriers was not clearly significant. *Id.* at 634–637. These same doubts concerning the delineation of the class of certain carriers are not present here since a carrier is either restricted or he is not.

Moreover, the Commission here dealt with an outmoded, confusing restriction enacted in the distant past and currently serving no discernible public interest. Past agency experience has clearly demonstrated the difficulties inherent in the restriction so that a compelling need for amendment was presented. *American Airlines* on the other hand involved an agency judgment that, because of the proposed regulation, air carriers might attract a greater volume of traffic and perform more efficiently through the development of improved marketing and performance techniques. 359 F.2d at 625, 627. This involved a speculative prediction of future economic results which does not normally lend itself to agency action in the same way as a pressing current situation where past experience has demonstrated the need for change.

Finally, the number of air carriers affected by rule making in *American Airlines* was relatively small compared with the 250 motor carriers affected by the instant Commission order.

10. 123 U.S.App.D.C. 310, 359 F.2d 624 (1966), *cert. denied,* 385 U.S. 843, 87 S.Ct. 73, 17 L.Ed.2d 75 (1966).

■ In these several respects this case presents an even stronger instance for upholding agency discretion in the selection of rule making than did *American Airlines*.

Plaintiffs' argument that the Administrative Procedure Act requires an adjudicatory hearing for each certificate holder is likewise an unnecessarily restrictive interpretation of agency discretion embodied in that act. Plaintiffs urge that the definitional sections of the Administrative Procedure Act include "licensing" within adjudication. Since they view the instant proceeding as "licensing," they argue that hearings for each restricted carrier were needed. While an adjudicatory hearing must be held for individual license applications,[11] it does not follow that an agency is bound to pursue individual *ad hoc* adjudications in an area better suited to a broad policy determination through rule making. In addition to the authorities already cited, we need only note that the Administrative Procedure Act is to be interpreted in the light of the fact that some proceedings such as this one may fall into more than one analytical classification.[12] The Commission is the best judge of its policies and has the skill and resources to deal with them. It should be allowed broad discretion in the choice of the method and course of action appropriate for dealing with such problems.

## IV. THE REASONABLENESS OF THE RULE.

■ Plaintiffs have conceded that no errors were committed in the course of the Commission's proceeding and have not challenged the substantive results of the Commission's order. As stated at the outset, they challenge the choice of the procedure employed to reach these results. It is appropriate to emphasize that the rule making proceeding itself was conducted properly under the statutory standards applicable to a "rule making proceeding." 5 U.S.C. § 706 (Supp. IV, 1969). The regulation issued in this case falls within the definition of a rule. 5 U.S.C. § 551(4) (Supp. IV, 1969). As fashioned by the Commission the rule was reasonable and within its power.[13] The required procedure [14] was carefully observed in that (1) the Commission mailed notice to all restricted carriers,[15] (2) invited all interested parties to submit their views,[16] (3) considered and meticulously summarized the views of all parties represented,[17] (4) analyzed specific objections of one carrier against another,[18] and (5) exhaustively summarized the types of restrictions existing in the outstanding certificates.[19]

## V. CONCLUSION.

Given the problems previously encountered by the agency over many years in interpreting and attempting to enforce the restrictions, the large number of certificates involved and, very importantly, the care with which the Commission analyzed its delicate task, the Commission did not abuse its discretion by employing a rule making proceeding in this case. The order of the Commission is hereby affirmed.

---

11. 5 U.S.C. § 551(6), (7), (9) (Supp. IV, 1969).

12. 1 K. C. Davis, Administrative Law Treatise § 502, at 298 (1958).

13. 49 U.S.C. § 308(a) (1964); *see supra*, at 6–7.

14. 5 U.S.C. § 553 (Supp. IV, 1969).

15. 106 M.C.C. at 456.

16. *Id.* at 457.

17. *Id.* at 495–532.

18. *Id.* at 533–534.

19. *Id.* at 535–538.